UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KUTINA BROOKS**<br>    Plaintiff | *<br>* | **CIVIL ACTION NO: 2:22-cv-00514** |
| | * | |
| V. | * | |
| | * | **JUDGE:** |
| | | |
| **LIFE INSURANCE COMPANY OF** | * | |
| **NORTH AMERICA** | * | **MAG.:** |
|     Defendant | * | |

## COMPLAINT

1.  Plaintiff, Kutina Brooks ("Brooks") or ("Plaintiff"), brings this action against Defendant, Life Insurance Company of North America ("LINA") or ("Defendant"), for benefits payable under a long-term disability plan ("Plan") sponsored by her employer, GEC Packaging Technologies, LLC.

2.  LINA reviewed claims for benefits and insured the benefits under the Plan.

3.  This Complaint challenges the Defendant's: 1) unreasonable and unlawful termination of long-term disability income benefits despite the substantial medical evidence demonstrating Brooks' qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Brooks' eligibility for said benefits despite multiple failed knee surgeries and the fact that she was awarded Social Security Disability benefits, 3) failure to provide Brooks with a full and fair review of her claim; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Brooks' claim.

4. Brooks is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs, attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5. This Court has personal jurisdiction over the Defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the Defendant's breach of its ERISA obligations took place in this district.

6. Brooks is domiciled in Jefferson Parish, Louisiana. She has standing to bring this action under 29 U.S.C. § 1132(a).

7. The Defendant is domiciled in Pennsylvania and has its principle place of business in New York.

8. Brooks is disabled due to multiple failed knee surgeries and continuing pain and structural instability in the knee.

9. Brooks has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503.

10. Defendant failed to provide Brooks with a full and fair review of her claim for benefits beyond April 28, 2021.

11. Any discretion to which Defendant may claim it is entitled under the Plan is negated by its failure to provide the Plaintiff with an explanation as to its adverse action and a full and fair review of her claim for benefits.

12. The Defendant was motivated by its financial conflict of interest when it terminated Brooks' benefits.

13. The decision to terminate Brooks' benefits was wrongful, unreasonable, and irrational,

contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

14. Due to the unlawful termination of benefits under ERISA, Plaintiff has lost her rightful long-term disability benefits.

15. Having exhausted the administrative procedures provided by the Defendant, Brooks now brings this action.

## **FIRST CAUSE OF ACTION**

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

16. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

17. The Plan is a contract.

18. Brooks has performed all of her obligations under the contract.

19. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

   a. by a participant or beneficiary –

   i. For the relief provided for in subsection (c) of this section, or

   ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

20. The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

21. Defendant unlawfully terminated Brooks' ongoing benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Brooks a full and fair review of the decision to terminate her benefits.

22. In accordance with 29 U.S.C. §1132, Brooks is entitled to be paid benefits under the Plan based upon her disabled status, which existed before the filing of this suit and is ongoing.

23. The Defendant has refused to provide Brooks with these continuing disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

24. As a direct and proximate result of this breach, Brooks has lost the principal and the use of her rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

25. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

26. Under the standards applicable to ERISA, Brooks deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of E.R.I.S.A., 29 U.S.C. Section 1132(g).

27. Defendant has the ability to satisfy the award.

28. Defendant acted in bad faith in terminating Plaintiff's benefits under the Plan.

29. The award of attorneys' fees against the Defendant will deter the Defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## **PRAYER FOR RELIEF**

30. WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

b.	Award Plaintiff the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c.	Award Plaintiff the costs of this action and reasonable attorneys' fees; and

d.	Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Kutina Brooks